UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOY KROENING, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| PORTFOLIO RECOVERY | ) **COMPLAINT AND DEMAND FOR** |
| ASSOCIATES, LLC, a wholly-owned | ) **JURY TRIAL** |
| subsidiary of PORTFOLIO | ) |
| RECOVERY ASSOCIATES, INC., | ) **(Unlawful Debt Collection Practices)** |
| | ) |
| Defendant | ) |

## COMPLAINT

JOY KROENING ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC, a wholly-owned subsidiary of PORTFOLIO RECOVERY ASSOCIATES, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Bloomsburg, Pennsylvania 17813.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Portfolio Recovery Associates, Inc., through its wholly-owned subsidiary, Portfolio Recovery Associates, LLC, purchases, manages and collects debts.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees,

representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

12. The alleged debt, a Capital One credit card accounts, was primarily for personal, family, or household purposes.

13. Beginning in or before July 2014, and continuing through June 2015, Defendant contacted Plaintiff on her home and cellular telephones in its attempts to collect a consumer debt.

14. Defendant called Plaintiff, at times, more than twice a day in its attempts to collect a debt.

15. It was annoying and harassing for Plaintiff to be called on her home and cellular telephones, particularly as Defendant would call her on her cellular telephone when she was at work.

16. Desiring to stop the repeated telephone calls, on more than one occasion, Plaintiff spoke with Defendant's collectors to advise them to stop calling her.

17. Defendant heard Plaintiff's instructions to stop calling her.

18. Defendant, however, refused to update its records to restrict telephone calls to Plaintiff's home and cellular telephones; rather, Defendant

claimed it would continue to call her any time it wanted to.

19. In fact, Defendant continued to call Plaintiff on her home and cellular telephones.

20. Further, in its communications with Plaintiff, Defendant told her that she "owe[s] [them] the money, [she] will pay [them] and [she] should pay [her] bills."

21. In response, Plaintiff told Defendant that she was on disability and did not have the means to pay the alleged debt, but she would give them the money when she had it.

22. Further, Defendant threatened to garnish Plaintiff's wages.

23. At the time it made the threat, Defendant did not intend to garnish Plaintiff's wages, as in Pennsylvania, a person's wages cannot be garnished to satisfy an alleged debt.

24. Also, Defendant contacted Plaintiff at times when it was inconvenient to receive collection calls, specifically calling after 9:00 p.m. on more than one occasion.

25. Lastly, in its attempts to collect the debt, Defendant failed to send Plaintiff written correspondence, within five (5) days of its initial communication with her, advising her of her rights to dispute the debt and/or to request verification of the debt.

PLAINTIFF'S COMPLAINT

26. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

27. In its actions to collect a disputed debt, Defendant violated the FDCPA in the following ways:

### COUNT I

    a. A debt collector violates § 1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

    b. Here, Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff after 9:00 p.m.

### COUNT II

    a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it repeatedly called Plaintiff on her home and cellular telephones as frequently as twice a day, as well as continuing to call Plaintiff after having been told to stop calling her.

## COUNT III

a. A debt collector violates § 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

b. A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

c. A debt collector violates § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

d. Here, Defendant violated §§ 1692e, 1692e(5), and 1692e(10) of the FDCPA by threatening to garnish Plaintiff's wages, when it did not intend to take the threatened action and legally could not take the threatened action.

### COUNT IV

a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated § 1692f of the FDCPA by failing to update its records to stop calling Plaintiff.

### COUNT V

a. A debt collector violates § 1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies

PLAINTIFF'S COMPLAINT

        the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    b.    Here, Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, JOY KROENING, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOY KROENING, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 06-17-15         By: */s/ Craig Thor Kimmel*
                       CRAIG THOR KIMMEL
                       PA. Atty. No. 57100
                       Kimmel & Silverman, P.C.
                       30 E. Butler Pike
                       Ambler, PA 19002
                       Phone: (215) 540-8888
                       Fax: (877) 788-2864
                       Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT